Leslie Taylor Associate Vice Chancellor, UAMS 4301 West Markham, #890 Little Rock, Arkansas 72205-7199
Dear Ms. Taylor:
I am writing in response to your request made pursuant to A.C.A. § 25-19-105(c)(3)(B), for my opinion on whether the release of certain records is consistent with the Arkansas Freedom of Information Act ("FOIA"), codified at A.C.A. §§ 25-19-101 to-110 (Repl. 2002 and Supp. 2009).
The FOIA request you received from news media seeks the photograph of Sterling Platt. You indicate that Mr. Platt, a non-undercover police officer employed by the University of Arkansas for Medical Sciences (UAMS), was recently indicted in federal court for allegedly conspiring to rob an armored-car employee in 2007. Further, you indicate that UAMS retains pictures of all its employees, and that you are the custodian of those pictures.
On your lawyer's advice, you have decided to release the photograph because, in your judgment, it qualifies (1) as a "personnel record," and (2) its release would not constitute a clearly unwarranted invasion of personal privacy. You ask whether your decisions are consistent with the FOIA.
RESPONSE
My duty under A.C.A. § 25-19-105(c)(3)(B) is to determine whether a custodian's decision regarding the disclosure of certain employee-related documents is consistent with the FOIA. In the present case, the custodian has determined that the requested records are personnel records and should be released. In my opinion, the custodian's decision is consistent with the FOIA. *Page 2 
DISCUSSION
This office has addressed the question whether non-undercover police officers' photographs are generally open to the public by way of an FOIA request. Those opinions have consistently held (1) that photographs of non-undercover police officers are public records; (2) that the photographs meet the definition of a personnel record; and (3) that the release of those photographs rarely rises to the level of a clearly unwarranted invasion of personal privacy. I will address each of these conclusions in turn.
When a document qualifies as a public record, and no exemption shields it from disclosure, it must be released if sought under the FOIA. The FOIA defines "public records" as
 writings, recorded sounds, films, tapes, electronic or computer-based information, or data compilations in any medium, required by law to be kept or otherwise kept, and which constitute a record of the performance or lack of performance of official functions which are or should be carried out by a public official or employee, a governmental agency, or any other agency wholly or partially supported by public funds or expending public funds. All records maintained in public offices or by public employees within the scope of their employment shall be presumed to be public records.[1]
As I have indicated before, public employees' photographs are public records:
 Given that you are a city employee, I believe that your photograph maintained in connection with your employment qualifies as a "public record" under this definition. Clearly, it is a "data compilation in any medium" and in my opinion reflects the performance or lack of performance of public functions. Cf., e.g., Henderson v. City of Chattanooga, 133 S.W.3d 192, 204 (Tenn. Ct. App. 2003) ("In light of the very broad definition of public records and giving the Act a liberal construction, as we must, we cannot say that when a photograph of an officer is taken and placed in his or her *Page 3 
personnel file, that it was not `made . . . in connection with the transaction of official business by any governmental agency'").
As a public record, the photograph must be released unless a specific exemption shields it from disclosure. To assess whether a particular exemption shields a public record from disclosure, one must determine (1) whether the record meets that particular exemption's definition, and (2) if so, whether the test for shielding the record is met. For purposes of the FOIA exemptions, records maintained with regard to a police officer's employment typically comprise either "personnel records" or "employee evaluation" records.
As I noted in 2007, when we examine the definitions for those two exemptions, we see that the photograph meets the definition of a personnel record.[2] The latter are all records other than employee evaluation and job performance records that pertain to individual employees, former employees, or job applicants.[3] Employee evaluation records are all records prepared by (or at the behest of) the employer to evaluate the employee.[4] Because the photograph is maintained by UAMS, pertains to Mr. Platt, and was created to identify him not to evaluate him, the photograph is best considered a personnel record.
Further, in my opinion, the test for the release of personnel records requires the photograph at issue here to be disclosed. A personnel record must be disclosed unless doing so "constitutes a clearly unwarranted invasion of personal privacy."[5] As I noted in 2007, the disclosure of non-undercover police officers' photographs rarely constitutes an unwarranted invasion of person privacy:
 My predecessors have had several occasions to discuss whether the release of public employees' photographs, particularly photographs of police officers, would constitute a "clearly unwarranted invasion of personal privacy." In Op. Att'y Gen. 98-130, one of my predecessors addressed the release of a Little Rock police officer's *Page 4 
photograph, which had been requested by local television media. My predecessor, after setting out the appropriate test for disclosure of "personnel records," stated the following:
 With regard, specifically, to the release of your photograph, it must be noted that the identity of public employees is ordinarily a matter of significant public interest. See Ops. Att'y Gen. 1997-286 and 96-005. In Opinion 1997-286, this office opined that the balance would likely tip in favor of disclosure of a police officer's photograph in the absence of some distinguishing factor which would evidence a substantial privacy interest justifying nondisclosure. See generally
Op. Att'y Gen. 1996-005 (photograph of officer and any information in personnel file that could personally identify him should not be released because of his recent status as undercover officer).[6]
In conclusion, in my opinion, your decision to release the requested photograph of a non-undercover police officer is consistent with the FOIA.
Assistant Attorney General Ryan Owsley prepared this opinion, which I hereby approve.
Sincerely,
DUSTIN McDANIEL Attorney General
[1] A.C.A. § 25-19-103(5)(A) (Supp. 2009).
[2] Op. Att'y Gen. 2007-213.
[3] See, e.g., Op. Att'y Gen. No. 1999-147; John J. Watkins Richard J. Peltz, THE ARKANSAS FREEDOM OF INFORMATION ACT § 3.04[b][13][A] (m m Press, 5th ed., 2009).
[4] See, e.g., Op. Att'y Gen. 2007-213.
[5] A.C.A. § 25-19-105(b)(12).
[6] Op. Att'y Gen. 2007-213, at 4 (quoting Op. Att'y Gen. 98-130, at 4-5). *Page 1